IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

MBJE Inc., an Oregon corporation,

    Plaintiff,

vs.

BARBARA NORRIS; LAW OFFICE OF
BARBARA A. NORRIS, LLC, an Alaska
limited liability company; TONJA
WOELBER; TONJA WOELBER,
ATTORNEY AT LAW, P.C., an Alaska
professional corporation; and WOELBER &
PASSARD, LLC, an Alaska limited liability
company,
    Defendants.

Case No. 6:19-CV-00161
**OPINION AND ORDER**

AIKEN, District Judge:

    Plaintiff, MBJE Inc., brings this diversity action for legal malpractice against two defendant attorneys and their firms, all of whom are Alaskan citizens. Defendants move to dismiss all claims under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. The Court finds that defendants' contacts with the State of Oregon are insufficient to satisfy the "minimum contacts" test for personal

jurisdiction set forth in *Int'l Shoe v. Washington*, 326 U.S. 310, 319 (1945) and delineated by the Ninth Circuit. For the reasons set forth herein, however, defendants' motion to dismiss for lack of personal jurisdiction (doc. 9) is DENIED, and this case is ordered transferred to the District of Alaska.

## BACKGROUND

Plaintiff MBJE Inc. is an Oregon corporation. Plaintiff brings four legal malpractice claims against two Alaskan attorneys, Tonja Woelber and Barbara Norris, and their firms, Tonja Woelber, Attorney at Law, P.C.; Woelber & Passard, LLC; Law Office of Barbara A. Norris, LLC.[1] Plaintiff brings a legal malpractice claim, a breach of fiduciary duty claim ("BOFD"), and an indemnity claim against both defendants. Plaintiff also brings a breach of contract claim against Woelber.

Plaintiff was assigned the claims of Phillip Jones. Jones' stepmother, Mary Buza Jones was a long-time resident of Alaska who died in Alaska. She left an estate (of real and personal property located in Alaska) that was probated in the Superior Court of Alaska. Jones called attorney Woelber in Alaska and asked her to represent him in the probate of his stepmother's estate. Jones asked Woelber to have him appointed Personal Representative of that estate. She filed the probate action and successfully petitioned the court as requested.

As Personal Representative of his stepmother's estate, Jones then contacted attorney Norris in Alaska and asked her to review a California settlement agreement

---

[1] Woelber and her firms are referred to as "Woelber." Norris and her firm are referred to as "Norris."

involving the estate, which she did. Norris also, on Jones' request, sent a letter to the Internal Revenue Service confirming that Jones was the Personal Representative of his late stepmother's estate. Norris was known to Jones because Norris had represented Jones' sister, who resided in Arizona, in a guardianship matter as to the siblings' stepmother.

Woelber communicated with Jones by email, mail, and phone but never traveled to Oregon to meet with him. She sent invoices to an Oregon address. Norris communicated with Jones by email, fax, and telephone but never traveled to Oregon to meet with him. She sent invoices to a California address provided by Jones.

The two attorneys and their law firms are citizens of Alaska. Both defendants were and are licensed to practice law in Alaska. Neither attorney has ever been licensed to practice law in Oregon. Neither attorney has done business or advertised business in Oregon. Norris has been to Oregon for professional reasons two times. In 2015, she attended a deposition of an Oregon witness for an unrelated Alaska case scheduled by another counsel. And "many years ago," on behalf of an Alaskan client, she came to Oregon to search for that client's kidnapped children. *Norris Decl.* ¶ 5. Woelber has only been to Oregon as a tourist.

After plaintiff filed the present complaint, defendants moved to dismiss the claims for lack of personal jurisdiction, or in the alternative to transfer venue to the District of Alaska.

///

///

## LEGAL STANDARD

When a court lacks personal jurisdiction, the action must be dismissed. Fed. R. Civ. P. 12(b)(2). When a defendant moves to dismiss on this basis, the plaintiff bears the burden of establishing that such jurisdiction exists. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citation omitted). When the court makes its jurisdictional finding based on pleadings and affidavits rather than an evidentiary hearing, the plaintiff need only make a *prima facie* showing of jurisdictional facts. *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 127–28 (9th Cir. 1995). While the plaintiff cannot rely entirely on the allegations of the complaint to establish that personal jurisdiction is proper, the complaint's uncontroverted factual allegations must be accepted as true, and any factual conflicts in the parties' declarations must be resolved in the plaintiff's favor. *Harris Rusky & Co. Ins. Serv., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003).

## DISCUSSION

Defendants move to dismiss the claims for lack of personal jurisdiction. Alternatively, defendants move to dismiss the action because of improper venue or to transfer venue to the District of Alaska. Plaintiff agrees that this Court does not have general personal jurisdiction over defendants but argues instead that this Court has specific personal jurisdiction over them. Should this Court find a lack of personal jurisdiction over defendants, plaintiff moves to transfer the case to Alaska in lieu of dismissal. The Court addresses each issue in turn.

/ / /

I.   *Personal Jurisdiction*

When there is no federal statute governing personal jurisdiction, a federal court applies the long arm statute of the forum state, but the exercise of that jurisdiction must not violate defendants' due process rights. *Schwarzenegger*, 374 F.3d at 80001. Oregon's long arm statute is co-extensive with federal due process requirements. *Millennium Enterprises, Inc. v. Millennium Music, LP*, 33 F. Supp. 2d 907, 909 (D. Or. 1999). Therefore, the two inquiries collapse into one, and the analysis becomes a due process inquiry.

A court may exercise either general or specific personal jurisdiction over a nonresident defendant. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 n. 89 (1984). But here plaintiff alleges only specific personal jurisdiction. That analysis requires an examination of defendants' contacts with Oregon.

Plaintiff must show that defendants have sufficient minimum contacts with the forum state so as not to offend "traditional notions of fair play and substantial justice." *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945). The Ninth Circuit applies a three-part test to determine whether the requisite minimum contacts exist.

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum or resident thereof, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802. To establish specific jurisdiction under the Ninth Circuit test, a plaintiff must satisfy each of the first two prongs. *Id.* Thus, if plaintiff cannot establish the first prong, the Court need not proceed with the analysis. *Id.*

For tort claims, a plaintiff must show that the defendant purposely directed activities toward the forum state. And, for contract claims, a plaintiff must show that the defendant purposefully availed itself of the privilege of conducting activities in the forum state. *Id.*

Here, plaintiff brings four claims. Plaintiff's legal malpractice and breach of fiduciary duty claims against both defendants are tort claims.[2] Plaintiff also brings a breach of contract claim against Woelber. The fourth claim, the indemnity claim, hinges on the success of the other claims.

A. *First Prong of the Minimum Contacts Analysis*

1. *Legal Malpractice and BOFD Claims*

To establish specific jurisdiction for a tort claim, a plaintiff must show that a defendant purposely directed its activities at the forum state. *Schwarzenegger*, 374 F.3d at 804-05. Specifically, the plaintiff must show that a defendant (1) committed

---

[2] In Oregon, a legal malpractice claim is a tort claim. *Stevens v Bispham*, 851 P.2d 556, 560 (1993). And a BOFD claim may be either a tort or a contract claim. If a contract term is breached, the claim is a contract claim. *Abraham v. T. Henry Const., Inc.*, 217 P.3d 212, 214 15 (2009). But if a party alleges a breach of a standard of care that is independent of contract terms, that party brings a tort claim. *Id.* Here, plaintiff alleges that the attorneys breached the duties of loyalty and communication and failed to identify and disclose a conflict of interest. These are not contract terms. They arise from the fiduciary duty of an attorney to its client. The BOFD claim is thus a tort claim.

an intentional act (2) expressly aimed at the forum state (3) causing harm that the defendant knows is likely to be suffered in the forum state. *Id.*

Here, plaintiff asserts that defendants purposely directed activities at Oregon because (1) they provided legal services to Jones and advised him on the probate matter, and, (2) in receiving payment for these services, defendants "consummated a transaction" with Jones. Pl's Resp. to Def. Mot. to Dismiss at 12-13.

But these claims are not based on intentional or purposeful acts. Plaintiff alleges malpractice and BOFD, which are claims of negligence. Plaintiff alleges not that defendants purposefully directed allegedly wrongful activities at Oregon but that they acted with "mere untargeted negligence." *Calder v. Jones*, 465 U.S. 783, 789 (1984). Thus, as to the legal malpractice and BOFD claims, plaintiff fails to establish that defendants purposely directed their activities at Oregon. Thus, this Court cannot exercise specific personal jurisdiction over defendants with respect to plaintiff's tort claims.

2. *Breach of Contract Claim*

To establish specific jurisdiction for a contract claim, a plaintiff must show that a defendant purposefully availed itself of forum state privileges. But a "contract alone does not automatically establish minimum contacts with the plaintiff's home forum." *Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015). The defendant must itself act to create a "substantial connection" with the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985). In sum, the plaintiff's contacts with the

defendant cannot be allowed to drive the jurisdictional analysis. *Walden v. Fiore*, 571 U.S. 277, 289 (2014).

In the contract context, personal jurisdiction is proper where the defendant "performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Picot*, 780 F.3d at 1212 (internal quotation marks omitted). A court will consider "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing." *Id.* (quoting *Burger King Corp.*, 471 U.S. at 479) (internal quotation marks omitted).

Here, Jones contacted Woelber in Alaska to request her help with the probate of his stepmother's estate in Alaska. Plaintiff asserts that Woelber purposefully availed herself of the benefits of Oregon law because she chose to enter and consummate a contract with Jones, "despite knowing he was not a resident of [her] home state of Alaska." Pl's Resp. to Def. Mot. to Dismiss at 12-13.

But the Ninth Circuit has determined that out-of-state legal representation alone does not establish purposeful availment when a law firm is "solicited in its home state and takes no affirmative action to promote business in the forum state." *Sher v. Johnson*, 911 F.2d 1357, 1363 (9th Cir. 1990). Here, Jones solicited Woelber's business in Alaska. Woelber did not solicit Jones' business or take any other affirmative action to promote business in Oregon. Jones alone initiated that contact. Aside from communication with Jones about the representation, Woelber had no other contact with Oregon. Plaintiff tries to drive the jurisdictional analysis with

Jones' unilateral initiation of contact and request to perform legal work. But plaintiff's argument fails because Woelber did not herself act to form a substantial connection with Oregon. Therefore, with respect to the breach of contract claim, this Court cannot exercise specific personal jurisdiction over Woelber.

Plaintiff thus fails to satisfy the first prong of the Ninth Circuit contacts test for both its tort claims and contract claim.

B. *Second Prong of the Minimum Contacts Analysis*

Even if plaintiff had satisfied the first prong for any of these claims, plaintiff still would not satisfy the second prong Ninth Circuit test which requires that the claim arise out of or relate to a defendant's activities in the forum state. An alleged legal malpractice claim that occurs entirely out of state does not satisfy this prong. *Bryant v. Weintraub, Genshlea, Hardy, Erich & Brown*, 844 F. Supp. 640, 641 (D. Or. 1994), *aff'd,* 42 F.3d 1398 (9th Cir. 1994) (holding that personal jurisdiction over a California law firm that allegedly committed malpractice was improper because the malpractice took place in California). Similarly, here, the alleged malpractice occurred entirely in Alaska as it related to the probate of Jones' late stepmothers' estate in an Alaska court. The estate itself consisted of real and personal property located in Alaska, and the legal work was performed by Alaskan attorneys working solely in Alaska. Any adverse tax consequence alleged by plaintiff arose out of legal work performed in Alaska, not in Oregon. The alleged malpractice claims thus do not arise out of nor are they related to activities that occurred in Oregon.

Having found that plaintiff has failed to satisfy the first to prongs of the minimum contacts analysis, the Court need to continue to examine the third prong of the analysis.

## II. Change of Venue

Rather than dismiss this case, plaintiff argues that this Court should transfer the case to the District of Alaska if the Court found it lacked jurisdiction. Defendants likewise argued that should this Court not grant their motion to dismiss, it should, in the alternative transfer venue to the District of Alaska under 28 U.S.C. § 1404(a).

"The transfer of civil actions among federal courts to cure jurisdictional defects is governed by 28 U.S.C. § 1631." *Cruz–Aguilera v. INS*, 245 F.3d 1070, 1074 (9th Cir. 2001). 28 U.S.C. § 1631 directs that if a "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action or appeal could have been brought at the time it was filed." A separate "motion to transfer is unnecessary because of the mandatory cast of section 1631's instructions." *In re McCauley*, 814 F.2d 1350, 1352 (9th Cir. 1987). Although the statute does not refer specifically to a want of personal jurisdiction, the Ninth Circuit has treated it as applying to deficiencies in both subject matter and personal jurisdiction. *Kampert v. Raymond James Fin., Inc.*, 2018 WL 2063931, at *1 (D. Or. May 3, 2018) (citing *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 761–62 (9th Cir. 1990) (finding a lack of personal jurisdiction and remanding with instruction that the district court dismiss or transfer the action under § 1631); *Harrell v. Kepreos*, 175 Fed. Appx. 793, 794 (9th Cir. 2006) (holding

that the district court abused its discretion by not considering whether § 1631 transfer would be in the interest of justice)).

The Court finds that transferring this action to the District of Alaska is in the interest of justice. The record contains no indication that the action was brought in bad faith and judicial economy militates against dismissing the case. Plaintiff notes that defendants might seek to enforce the statute of limitations against his claims if the Court were to dismiss the complaint and force him to refile in another venue. This would be a harsh result under the circumstances, especially given that defendants have not challenged the merits of plaintiff's claims. It is thus in the interest of justice that this action be transferred to the District of Alaska.

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss for lack of personal jurisdiction (doc. 9) is DENIED. The Court finds that it does lack personal specific jurisdiction in this case. Accordingly, this action is hereby transferred to the District of Alaska.

IT IS SO ORDERED.

Dated this 23RD day of January 2020.

_____
Ann Aiken
United States District Judge

Page 11 – OPINION AND ORDER
Case 3:20-cv-00023-JWS   Document 25   Filed 01/23/20   Page 11 of 11